**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **NO. 3:15-CR-003-GFVT-MAS-1** |
| **GREGORY HEDGES,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |
| | ) | |

**REPORT & RECOMMENDATION**

The Court, on referral from the District Court, considers reported violations of supervised release conditions by Defendant Gregory Hedges. On June 22, 2016, United States District Judge Gregory F. Van Tatenhove sentenced Hedges to a 48-month term of imprisonment followed by a 3-year term of supervised release upon his plea of guilty to the charges of conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349. [DE 215]. Hedges' term of supervision began on April 17, 2020. Hedges' terms of supervision included:

> The defendant shall not commit another federal, state or local crime.
>
> The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance.

[DE 215].

## I.    BACKGROUND

On February 17, 2021, the United States Probation Office ("USPO") issued a Supervised Release Violation Report charging Hedges with violations of the conditions of his supervised release. Specifically, USPO reported that on February 14, 2021, Hedges was arrested in

Lexington, Kentucky and charged with Operating a Motor Vehicle with Alcohol Concentration of or above 0.08, Aggravating Circumstances.  Hedges denied using alcohol on this date.

On March 24, 2021, after Hedges' initial appearance on the February 26, 2021, violation report but before his final hearing, USPO issued an Addendum to the Supervised Release Violation Report, charging Hedges with testing positive for methamphetamine, which Hedges then admitting to using.

## II.  <u>PROCEDURAL HISTORY</u>

The Court conducted an initial appearance on the supervised release violations pursuant to Federal Rule of Criminal Procedure ("Rule") 32.1 on February 26, 2021.  [DE 375].  The Court advised Hedges of his constitutional rights.  The United States did not seek detention; thus, Hedges was not entitled to a preliminary hearing pursuant to Rule 32.1.  Hedges requested additional time prior to the final hearing to investigate the allegations against him and address the state charges. The Court ordered Hedges remain on supervised release with the additional condition that he was not permitted to operate a motor vehicle until his supervised release violations are resolved.

After Hedges' initial appearance but before his final hearing, USPO issued an Addendum to the Supervised Release Violation Report, charging Hedges with testing positive for methamphetamine on March 24, 2021.  Hedges subsequently admitted to using methamphetamine.

At the final hearing on March 26, 2021, the Court found Hedges to be competent to enter a knowing, voluntary, and intelligent stipulation to the charged violations.  For purposes of the Rule 32.1 proceedings, Hedges admitted the factual basis for the violations as described in the Report.  Accordingly, the Court finds the United States established the violation pursuant to 18 U.S.C. § 3583(e).  [DE 379].

The parties agree that the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") propose a sentence of 8 to 14 months, with a statutory maximum of 24 months.  *See*

18 U.S.C. § 3583(e)(3).  Should Hedges' supervised release be revoked, the Court can re-impose an additional term of supervised release of up to 36 months, less any term of imprisonment imposed upon revocation.  *See* 18 U.S.C. § 3583(h).

### III.    ANALYSIS

The Court has evaluated the entire record and considered the arguments presented at the final hearing, the record concerning Hedges' violations, the presentence investigation report, and the factors set forth in 18 U.S.C. § 3583(e).

Hedges' admission of using—and therefore possessing—methamphetamine is a Class D Felony pursuant to Kentucky Revised Statutes 218A.1415, which results in a Grade B violation. Hedges' other violations are Grade C violations.  Accordingly, a Grade B Violation will be utilized for purposes of this proceeding.  U.S.S.G § 7B1.2(b) ("Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade."). The criminal history category established at sentencing was a Category III.

In recommending a sentence, the Court must consider the nature and circumstances of Hedges' original conviction, the statutory factors in 18 U.S.C. § 3553 incorporated into § 3583(e), and the Sentencing Guidelines range.  *See also United States v. Johnson*, 640 F.3d 195 (6th Cir. 2011).  Hedges' original conviction involved a conspiracy to commit mail and wire fraud.  Hedges admitted he was responsible for an intended loss of $444,435 as a result of his role in the conspiracy.

Hedges' incurred the federal mail and wire fraud charges while he was incarcerated for Tennessee state charges.  Hedges had been incarcerated for that offense since 1985, until his term of incarceration for the federal offense began.  Thus, Hedges was continuously incarcerated between 1985 and the beginning of his term of supervision in April 2020.

The District Court imposed a 48-month term of imprisonment followed by a 3-year term of supervised release on his original conviction.  [DE 215].  This was at the lowest end of the guideline range of 46 to 57 months on the fraud charge, and 9 months below USPO's recommended sentence of 57 months.  See 18 U.S.C. § 3553(a)(6) (considering "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct").  The instant violations are his first violations during this term of supervised release.

The record and proffer at the final hearing demonstrated that Hedges has struggled with substance use disorder for many years.  He reported using alcohol and marijuana since he was a teenager, and using Xanax, morphine, and/or heroin during his period of state incarceration, until 2013 when he began using Suboxone.  [See Presentence Investigation Report at 16].  Hedges represented to the Court that has a substance use disorder and believes he could benefit from intensive in-patient treatment.  Hedges was candid with the Court about his methamphetamine use and took responsibility for his actions.  Hedges stressed that his elderly family members depend on him for care, and this is a big motivation for him to remain on supervised release while addressing his substance use.

The United States moved the Court to revoke Hedges' supervised release based on the admission that he used methamphetamine. The United States had no objection to Hedges continuing supervised release with inpatient treatment but insisted that Hedges be detained until he can be placed in a treatment program to assure there would be no further violations of his release conditions.

The United States proposed a sentence—essentially interim detention—that is far below the Guidelines Range of 8 to 14 months imprisonment.  The United States did not oppose

modifying Hedges' term of supervision with the additional conditions that he participate in inpatient treatment for three months followed by outpatient treatment and residency at a halfway house for three months. Hedges generally agreed with the United States' proposed sentence, though requested that he not be revoked or detained, but simply have his supervised release modified. 18 U.S.C. § 3583(d) requires the Court to "consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing Commission guidelines from the rule of section 3583(g) when considering any action against a defendant who fails a drug test." 18 U.S.C. § 3583(d). The Court, in reviewing the record, finds that in this circumstance substance use disorder treatment, rather than a lengthy term of incarceration, is appropriate. Hedges has been incarcerated for most of his adult life. He has not had intensive, inpatient substance use disorder treatment. Despite having spent more than three decades in prison, Hedges adjusted to life on supervised release well and had no violations for nearly a year. The Court believes Hedges should have the opportunity to address his substance use with inpatient and outpatient treatment before the Court resorts to harsher penalties.

Considering all of the facts, the Court recommends Hedges' term of supervision be revoked and that he be sentenced to a term of incarceration of not more than 30 days, until inpatient treatment is available to him. The Court further recommends the District Court reimpose a 24-month term of supervised release to include three months of inpatient substance use treatment, followed by three months' residence at a halfway house with outpatient substance use treatment, to be followed by a the remainder of his term of supervised release with all of the same conditions Judge Van Tatenhove originally proscribed. The Court finds this sentence is sufficient but not greater than necessary to punish and deter Hedges' conduct in violating his supervised release.

In the interim, the Court detained Hedges until Judge Van Tatenhove can hear Hedges' allocution and make a final determination regarding this Report and Recommendation. Although the United States had no objection to continuing Hedges' supervised release as a general matter, the United States vigorously objected to Hedges' release pending placement in a treatment facility, considering his admitted methamphetamine use between the initial appearance and final hearing. The Court agreed that interim detention was the only mechanism by which to ensure that Hedges does not incur additional violations of his supervised release until Judge Van Tatenhove makes an ultimate determination in this case.

## IV.    CONCLUSION

Accordingly, for the reasons stated herein, the Court **RECOMMENDS**:

(1) Hedges be found guilty of all violations;

(2) Hedges' supervised released be **REVOKED** for up to 30 days from the date of this Report and Recommendation, pending acceptance into an inpatient substance abuse treatment program, at the discretion of the USPO;

(3) USPO shall immediately notify the Court and the United States Marshal Service upon placement;

(4) The Court re-impose supervised release for 24 months with all of the same conditions Judge Van Tatenhove originally proscribed, plus the following additional conditions:

    a.  three months residency at an inpatient substance abuse treatment program as determined by USPO; and

    b.  three months residency at a halfway house with outpatient treatment as determined by USPO.

Hedges preserved his right of allocution. Absent a waiver of allocution, this matter will be placed on Judge Van Tatenhove's docket for an allocution hearing upon submission.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute.  *See also* 18 U.S.C. § 3401(i). As defined by § 636(b)(1), within THREE DAYS after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, *de novo*, by the District Court.[1]  Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

Entered this 30th day of March 2021.



Signed By:
Matthew A. Stinnett
United States Magistrate Judge

---

[1] The parties agreed to the shorted objection period to reduce the amount of time Hedges spends in custody between the final hearing and Judge Van Tatenhove's ultimate decision.