UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Criminal No. 3:15-cr-00003-GFVT-MAS-1 |
| v. | ) ) | **ORDER** |
| GREGORY HEDGES, | ) ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Matthew A. Stinnett. [R. 383.] Defendant Gregory Hedges has been charged with a violation of his supervised release. On June 23, 2016, Mr. Hedges was sentenced to forty-eight months imprisonment, to be followed by three years of supervised release, following his guilty plea to conspiracy to commit wire and mail fraud. [R. 215.]

On February 14, 2021, Mr. Hedges "was arrested in Lexington, Kentucky and charged with Operating a Motor Vehicle with Alcohol Concentration of or above 0.08, Aggravating Circumstances." [R. 383 at 2.] Additionally, on March 24, 2021, the United States Probation Office issued an Addendum to the Supervised Release Violation Report, charging Mr. Hedges with testing positive for methamphetamine. *Id.* Mr. Hedges's arrest and methamphetamine use constitute multiple violations of his supervised release. First, Mr. Hedges's use and possession of methamphetamine is a Class D Felony pursuant to Kentucky Revised Statutes 218A.415, which constitutes a Grade B violation. *Id.* at 3. Mr. Hedges's other violations are Grade C violations. Thus, a Grade B violation controls in this matter. U.S.S.G. § 7B1.1(b) ("Where there is more than one violation of the conditions of supervision, or the violation includes conduct that

constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade."). Mr. Hedges has a Category III criminal history.

On February 26, 2021, Mr. Hedges appeared before Judge Stinnett for his initial appearance, pursuant to Federal Rule of Criminal Procedure 32.1. [R. 375.] Because the United States did not seek detention, Mr. Hedges was not entitled to a preliminary hearing. At the initial appearance, Judge Stinnett ordered Mr. Hedges to remain on supervised release until his final hearing with an additional condition that he refrain from operating a motor vehicle. [R. 383 at 2.] Mr. Hedges's final hearing before Judge Stinnett was held on March 26. [R. 379.] There, the record and proffer indicated that Mr. Hedges "has struggled with substance use disorder for many years," and had been abusing drugs and alcohol for decades, including during his thirty-five years of incarceration. [R. 383 at 4.] Moreover, Judge Stinnett found Mr. Hedges to be candid about his drug use and that he has family members who depend on him for care. *Id.*

At the final hearing, the United States "had no objection to Hedges continuing supervised release with inpatient treatment but insisted that Hedges be detained until he can be placed in a treatment program to assure there would ben o further violations of his release conditions." *Id.* Mr. Hedges requested that his supervision not be revoked and that he not be detained, but instead, requested that his supervised release be modified to include substance abuse treatment. *Id.* at 5. After hearing both arguments, Judge Stinnett recommended Mr. Hedges's term of supervision be revoked and that he be sentenced to a term of imprisonment of not more than thirty days, until inpatient treatment becomes available. *Id.* Additionally, Judge Stinnett recommended, upon release, a twenty-four-month period of supervised release including three months of inpatient substance use treatment to be implemented, with remainder of his term of supervised release to include the same conditions originally proscribed. *Id.*

2

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service. *Id.* at 16; *see* 28 U.S.C. § 636(b)(1). Mr. Hedges has not filed any objections to Judge Stinnett's Report and Recommendation and filed a waiver of allocution on April 5, 2021. [R. 384.] Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no objections are made, as in this case, the Court is not required to "review… a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn,* 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing to a district court's order adopting that report and recommendation. *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Stinnett's recommended disposition.

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. The Report and Recommendation [R. 383] as to Defendant Gregory Hedges is **ADOPTED** as and for the Opinion of the Court;

2. Defendant Hedges is found **GUILTY** of all violations;

3. Mr. Hedges's Supervised Release is **REVOKED** for up to 30 days from the date of the filing of Judge Stinnett's Report and Recommendation, pending acceptance into an inpatient substance abuse treatment program, at the discretion of the USPO;

4. USPO shall immediately notify the Court and the United States Marshal Service upon placement and, subsequently, the USMS **SHALL DELIVER** Mr. Hedges to the appropriate treatment facility;

5. The Court re-imposes supervised release for 24 months with all of the same conditions originally proscribed, plus the following additional conditions:

    a. Three months residency at an inpatient substance abuse treatment program as determined by USPO; and

    b. Three months residency at a halfway house with outpatient treatment as determined by USPO.

This the 6th day of April, 2021.

Gregory F. Van Tatenhove
United States District Judge