UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> V. ) <br> ) <br> GREGORY HEDGES, ) <br> ) <br> ) <br> Defendant. | Criminal No. 3:15-cr-00003-GFVT-MAS <br><br> **MEMORANDUM OPINION** <br> **&** <br> **ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the court on Defendant Gregory Hedges's violation of supervised release. Magistrate Judge Matthew A. Stinnett issued a Recommended Disposition pursuant to Mr. Hedges's violation. [R. 400.] Judge Stinnett recommended revocation and a sentence of time served to be followed by a period of twenty-four months of supervised release, with the added condition that Mr. Hedges complete three months residency at an inpatient substance abuse treatment program and three months residency at a halfway house with an outpatient substance abuse treatment program. *Id.* at 6. Mr. Hedges preserved his right of allocution and came before the undersigned on June 16, 2021. [R. 408.] Moreover, Mr. Hedges filed a timely objection to Judge Stinnett's recommendation. [R. 401.] After consideration of both Judge Stinnett's Recommendation and Mr. Hedges's objection and allocution, the Court **ADOPTS** the Magistrate Judge's Recommendation.

# I

Judge Stinnett's Recommended Disposition accurately sets forth a more detailed account of the factual and procedural background of this case. The Court incorporates Judge Stinnett's discussion of the record by reference here but will nevertheless reiterate a few key facts.

On June 23, 2016, Mr. Hedges plead guilty to conspiracy to commit wire and mail fraud in violation of 18 U.S.C. § 1349. [R. 215.] The Court sentenced him to forty-eight months imprisonment with three years of supervised release to follow. *Id.* Mr. Hedges's original term of supervision began on April 17, 2020. [R. 400 at 2.] Included in his terms of supervision was a clause that Mr. Hedges was not to commit another federal, state, or local crime, or to unlawfully possess a controlled substance. *Id.* In February 2021, the USPO reported to the Court that Mr. Hedges's urine had tested positive for methamphetamine and that he had been charged with operating a motor vehicle under the influence of alcohol. *Id.* Mr. Hedges stipulated to the charged violations and was ordered to attend an inpatient substance treatment facility for three months. *Id.* However, in April 2021, after only nine days at the inpatient facility, Mr. Hedges requested to be transported to the Pikeville Medical Center emergency room due to leg soreness and swelling. *Id.* at 2-3. Upon release from the hospital, however, Mr. Hedges failed to return to inpatient treatment, a Grade C violation. *Id.* at 3. Based on his criminal history and a Grade C violation, the Guideline range for this violation is five to eleven months imprisonment. *Id.*

Judge Stinnett held a revocation hearing on May 26, 2021, at which Mr. Hedges stipulated to the violation in the report. [R. 399.] There, the United States proposed a sentence of time served and advocated for outpatient substance abuse treatment. [R. 400 at 5.] Although Mr. Hedges also requested outpatient treatment, his probation officer stated on the record that

2

"she believed inpatient treatment was more appropriate" for Mr. Hedges. *Id.* For reasons more thoroughly articulated in the Recommended Disposition, Judge Stinnett ultimately recommended revocation of Mr. Hedges's supervised release with a sentence of time served. [R. 400 at 6.] Moreover, Judge Stinnett recommended that supervised release be reimposed for twenty-four months with all of the same conditions originally imposed, alongside the additional conditions that Mr. Hedges spend three months at an inpatient substance abuse treatment facility and then spend three months at a halfway house with outpatient substance abuse treatment. *Id.* In reaching his conclusion, Judge Stinnett noted that "Hedges took responsibility for his behavior and apologized for abusing the Court's trust in leaving Westcare." *Id.* at 5.

## II

Under Federal Rule of Criminal Procedure 59(b), a party has fourteen days after service to register any objections to the recommended disposition or else waive his rights to appeal.[1] *See also* 28 U.S.C. § 636(b)(1). In order to receive *de novo* review by this Court, any objection to the report and recommendation must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (citation omitted). A general objection that fails to identify specific factual or legal issues from the report and recommendation, however, is not permitted since it duplicates the Magistrate's efforts and wastes judicial economy. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

In this matter, Mr. Hedges filed one objection to the Recommended disposition, so *de*

---

[1] Parties agreed to a shortened objection period of three days in this matter to reduce the amount of time Mr. Hedges spends in custody between his final hearing and the filing of this Order. [R. 400 at 6, n.2.]

3

*novo* review under 28 U.S.C. § 636(b)(1)(c) has been triggered. [R. 401.] Moreover, Mr. Hedges preserved his right to allocution. Within his objection, Mr. Hedges argues that outpatient substance abuse treatment is a more appropriate solution in this matter and that he does not need intensive inpatient substance abuse treatment. [*See* R. 401; R. 408.] In support, Mr. Hedges states that his positive drug test "was more than three months ago" and that he has been sober since. [R. 401 at 1.] Additionally, Mr. Hedges argues that he has medical issues that he does not believe can be adequately addressed at an inpatient facility and that his sister has agreed to allow him to reside with her. *Id.* at 1-2. At his allocution hearing, Mr. Hedges argued that, although he did use methamphetamine, he is not a "meth addict," and believes that outpatient treatment would allow him to maintain sobriety while simultaneously permitting him to build a house on property he owns and get married. [R. 408.]

Upon review, the Court is not inclined to permit Mr. Hedges to attend only outpatient treatment. Although it is commendable that Mr. Hedges has remained sober for three months, he has been incarcerated during a large portion of that time. Moreover, Mr. Hedges has tried to remain sober in the past and has returned to drug usage. Consequently, the Court finds that Mr. Hedges can receive the most benefit from a stay at an inpatient substance abuse facility. Moreover, while the Court is aware that Mr. Hedges has ongoing medical issues, the Court places its trust in the USPO to advise a plan which will allow Mr. Hedges to both attend inpatient treatment and have access to necessary medical treatment. Having reviewed the record, arguments by all parties, and Mr. Hedges's statements made at his allocution hearing, the Court **ORDERS** as follows:

1. The Magistrate Judge's Report and Recommendation [R. 400] is **ADOPTED** as and for the opinion of the Court;

2. Defendant Gregory Hedges is found **GUILTY** of all violations, as set forth in the Petition filed by the United States Probation Office and the Recommended Disposition of the Magistrate Judge;

3. Mr. Hedges's supervised release is **REVOKED**;

4. Mr. Hedges is hereby **SENTENCED** to **TIME SERVED** with a period of 24 months of supervised release to follow with all of the same conditions as originally proscribed plus the following additional conditions:

    a. Three months residency at an inpatient substance abuse treatment program as determined by USPO; and

    b. Three months residency at a halfway house with outpatient treatment as determined by USPO;

5. USPO **SHALL** immediately notify the Court and the United States Marshal Service upon placement and, subsequently, the USMS **SHALL DELIVER** Mr. Hedges to the appropriate treatment facility;

6. Mr. Hedges **SHALL** appear for a status conference before Judge Van Tatenhove after having spent six months on supervised release. The USPO **SHALL** ensure that this status conference be scheduled with the Court as Mr. Hedges nears six months of supervised release completion.

7. Judgment shall enter promptly.

This the 21st day of June, 2021.



Gregory F. Van Tatenhove
United States District Judge