UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal No. 3:15-cr-00003-GFVT-MAS |
| Plaintiff, ) | |
| ) | |
| V. ) | **MEMORANDUM OPINION** |
| ) | **&** |
| GREGORY HEDGES, ) | **ORDER** |
| ) | |
| Defendant. ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

**I**

**A**

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Matthew A. Stinnett. [R. 426.] Defendant Gregory Hedges has been charged with violations of his supervised release. On June 22, 2016, Mr. Hedges was sentenced to a forty-eight-month term of imprisonment, to be followed by three years of supervised release, after pleading guilty to conspiracy to commit wire and mail fraud. [R. 215.] Mr. Hedges's original term of supervision began on April 17, 2020. [R. 426 at 1.] Since February 2021, however, Mr. Hedges had repeatedly violated the terms of his supervised release. For example, in February 2021, after having been arrested for operating a motor vehicle under the influence of alcohol, Mr. Hedges was ordered to reside in an inpatient substance abuse treatment program, WestCare, for three months. *Id.* at 2. After only nine days at the facility, however, Mr. Hedges requested to be transported to the Pikeville Medical Center emergency room and did not return to WestCare upon discharge. *Id.* Because of this violation, Mr. Hedges was detained once more,

sentenced to time served, and once again ordered to attend inpatient substance abuse treatment. *Id.* at 3.

Now, however, Mr. Hedges has been charged with violating two terms of his supervised release. *Id.* at 3-6. First, Mr. Hedges is charged with committing a Grade C violation for absconding from his substance abuse inpatient treatment facility. [R. 426 at 4-6.] Second, Mr. Hedges is charged with committing a Grade C violation for driving without a license and thereby committing another local, state, or federal crime. *Id.* at 6. On September 15, 2021, Mr. Hedges appeared before Judge Stinnett for his initial appearance, pursuant to Federal Rule of Criminal Procedure 32.1. [R. 419.] There, Mr. Hedges "competently, knowingly, voluntarily, and intelligently waived his right to a preliminary hearing and detention hearing." [R. 426 at 3; R. 419.]

On October 18, Mr. Hedges appeared before Judge Stinnett at his final revocation hearing. [R. 424.] Because Mr. Hedges contested each violation, multiple witnesses, including Mr. Hedges himself, testified at the hearing. [R. 426 at 4-6.] Regarding Violation #1, Mr. Hedges argued that he was constructively discharged from his facility and had not absconded. Testimony from WestCare staff, however, opposed this argument. *Id.* at 4-5. Mr. Hedges also described his discomfort at being assigned treatment at WestCare because of an alleged sexual assault that occurred against him there by another resident. *Id.* at 5. But, upon review of the evidence, Judge Stinnett concluded that a Violation had occurred. *Id.* at 7. Ultimately, Judge Stinnett ruled that, even though Mr. Hedges had a basis for not wishing to reside at WestCare, he absconded from the facility, was missing for nearly two months, and did not notify USPO of his whereabouts. Consequently, the Magistrate Judge found that "the United States established the violation by a preponderance of the evidence pursuant to 18 U.S.C. § 3583(e). *Id.*

Regarding Violation #2, Mr. Hedges argued that he had not driven on a suspended license "because the suspension had expired." [R. 426 at 6.] Upon review, however, Judge Stinnett found that "the undisputed facts here are that Hedges operated a motor vehicle at a time his license had not been reinstated, a clear violation of Kentucky law" and a Class B misdemeanor. *Id.* at 7. After determining Mr. Hedges's guilt, Judge Stinnett heard arguments about the appropriate sentence for Mr. Hedges's conduct. At the hearing, the United States sought a term of imprisonment "at the top end of the Guidelines range or above," because Mr. Hedges has had three violations in a short period of time. [R. 426 at 8.] Mr. Hedges, however, sought "another opportunity to attend inpatient treatment, at a facility other than WestCare that he would personally fund." *Id.*

**B**

Upon review, Judge Stinnett evaluated the entire record and considered the Section 3553 factors imported into the Section 3583(e) analysis, as well as the Guidelines Range. Because Mr. Hedges's has a long history of substance abuse, a police officer located drug paraphernalia in his car during the traffic stop in which it was discovered Mr. Hedges was driving on a suspended license, and because Mr. Hedges has lied to the Court multiple times, Judge Stinnett recommended Mr. Hedges serve a period of incarceration and once more attend an inpatient treatment program. [R. 426 at 12.] Though the Magistrate Judge acknowledged that Mr. Hedges "was not set up for success during his most recent term of supervision," and did not blame him for hesitating to speak publicly about his assault, he concluded that "Hedges bears complete responsibility for his actions and choices," and the Court could not have prevented this outcome without having been informed of Mr. Hedges's experiences at WestCare. *See id.* at 10. Accordingly, the Judge recommended Mr. Hedges be sentenced to a term of imprisonment of

3

eight months, to be followed by a twelve-month period of supervised release, and that Mr. Hedges be required to complete six months of residency at an inpatient substance abuse treatment program as determined by USPO. *Id.* at 12

### C

Under Federal Rule of Civil Procedure 72(b)(2), a petitioner has fourteen days after service to register any objections to the R&R or else waive his rights to appeal. In order to receive *de novo* review by this Court, any objection to the recommended disposition must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d. 981, 994 (6th Cir. 2007) (quoting *Smith v. Chater*, 121 F.3d 709, 1997 WL 415309, at *2 (6th Cir. 1997) (unpublished opinion)). A general objection that fails to identify specific factual or legal issues from the Recommendation, however, is not permitted, since it duplicates the magistrate's efforts and wastes judicial economy. *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991).

Mr. Hedges made two timely objections to the Recommendation. [R. 430; R. 432.] Moreover, because Mr. Hedges also preserved his right to allocute before the District Court, an allocution hearing was held on November 17, 2021. [R. 433.] In both his objections and allocution hearing, Mr. Hedges objects to the Magistrate Judge's recommendation that he complete a six-month period of inpatient substance abuse treatment upon release from incarceration.[1] [R. 430; R. 433.] Additionally, Mr. Hedges objects to multiple findings of fact

---

[1] Although Mr. Hedges suggested this outcome at his final hearing, he now objects. The Court surmises that Mr. Hedges does not oppose treatment but wishes to be in control of the facility that he attends. The Court, however, places its trust in USPO to ensure that Mr. Hedges is placed in an appropriate facility upon release, taking into consideration Mr. Hedges past experiences at WestCare.

included in the Magistrate Judge's Recommendation.  [R 432.]  Mr. Hedges's objections are sufficiently definite to trigger this Court's obligation to conduct a *de novo* review.  *See* 28 U.S.C. § 636(b)(1)(C).  The Court has satisfied that duty, reviewing the entire record, including the motions, briefing, the parties' arguments, relevant case law and statutory authority, as well as applicable procedural rules.  For the following reasons, Defendant's objections are **DENIED.**

Mr. Hedges first objects to Judge Stinnett's recommendation hat he be required to attend a six-month term of inpatient drug abuse treatment upon release from incarceration.  [R. 430; R. 433.]  In support, Mr. Hedges argues that, although he never completed his prior ordered terms of treatment, "he did satisfy a majority of the time ordered."  [R.430 at 1.]  Moreover, Mr. Hedges argues that he has been sober for eight months, and "strongly disputes" that he had drug paraphernalia in his car, as testified to by a police officer.  *Id.*  At his allocution hearing, Mr. Hedges reiterated this argument, and further explained his concerns with WestCare's lack of action related to his assault.  [R. 433.]  In response, the Government argued that Mr. Hedges has "admitted that he has struggled with controlled substance abuse for many years," and that the circumstances of his arrest "suggest[] [that his] controlled substance abuse is an ongoing problem."  [R. 431 at 2-3.]

Upon review, the Court agrees with the Magistrate Judge and the Government.  Though the Court is sympathetic to Mr. Hedges and reiterates the Magistrate Judge's concern about the manner in which WestCare investigated Mr. Hedges's allegation of assault, the evidence in this matter indicates that Mr. Hedges has an ongoing substance abuse issue.  And, although the circumstances in this situation required action, Mr. Hedges absconded from his assigned facility and did not contact his probation officer for several months.  Accordingly, Mr. Hedges had not established a strong record of reliability with the Court and, consequently, the Court will not take

his argument that he no longer suffers from substance abuse issues at face-value.  As a result, Mr. Hedges's first Objection [R. 430] is **DENIED**.

Second, Mr. Hedges objects to the Magistrate Judge's factual conclusions that he absconded from WestCare and that "he was looking for drugs or doing drugs." [R. 432.] Upon review, however, the Court accepts the Magistrate's conclusions.  Not only did the Judge listen to competing witness testimony in forming his factual conclusions, but also expressly indicated his reasoning for finding as such in his Recommendation.  And though there exists competing evidence in this matter, the Court agrees with the Magistrate that, regardless of the circumstances, Mr. Hedges absconded from his facility and failed to contact his probation officer for several months.  Moreover, even without considering any alleged drug paraphernalia found in Mr. Hedges's car, his history and recent actions indicate the presence of an ongoing substance abuse issue that needs to be addressed.  Consequently, Mr. Hedges's second Objection is **DENIED**.

## II

Accordingly, after reviewing *de novo* the portions of the Record pertaining to the present supervised release violations, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Mr. Hedges's Objections [R. 430 and R. 432] to the Magistrate Judge's Report and Recommendation [R. 426] are **DENIED**;

2. The Magistrate Judge's Report and Recommendation [R. 426] is **ADOPTED** as and for the Opinion of the Court;

3. Mr. Hedges is found to have violated the terms of his supervised release as set forth in the Petition filed by the U.S. Probation Office and the Recommended Disposition of the

    Magistrate Judge and Mr. Hedges's is adjudged **GUILTY**;

4. Mr. Hedges's supervised release is **REVOKED**;

5. Mr. Hedges is **SENTENCED** to the custody of the Bureau of Prisons for a term of eight months incarceration with twelve months of supervised release to follow, with all of the same conditions originally prescribed, plus the following additional condition: Six months of residency at an inpatient substance abuse treatment facility program, aside from WestCare, as determined by USPO;

6. Judgment shall enter promptly.

    This the 24th day of November, 2021.

*[Signature]*

Gregory F. Van Tatenhove
United States District Judge