UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>  )<br>  Plaintiff,   )<br>  )<br>v.   )<br>  )<br>GREGORY HEDGES,   )<br>  )<br>  Defendant.   ) | Criminal No. 3:15-cr-00003-GFVT-MAS-1<br><br>**ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Matthew A. Stinnett. [R. 475.] Defendant Gregory Hedges has been charged with violations of his supervised release. In 2016, this Court sentenced Mr. Hedges to 48 months of imprisonment followed by three years of supervised release after pleading guilty to conspiracy to commit wire and mail fraud in violation of 18 U.S.C. § 1349. [R. 215.] At the time of his offense, Hedges was serving a 96-year sentence in Tennessee state prison for 1st degree burglary, two counts of kidnapping, two counts of armed robbery, grand larceny, and aggravated assault. [R. 475 at 2.]

Mr. Hedges has violated the conditions of his supervised release several times. In February 2021, after nearly a year of successful supervised release, Mr. Hedges was arrested in Lexington, Kentucky and charged with Operating a Motor Vehicle with Alcohol Concentration of or above 0.08, Aggravating Circumstances. [R. 383 at 2.] On February 26, 2021, USPO charged Hedges with testing positive for methamphetamine, which he admitted to using. *Id.* Mr. Hedges stipulated to both violations at a final hearing before Judge Stinnett on March 26, 2021. *Id.* On April 6, 2021, this Court revoked Mr. Hedges's supervision for a period of up to thirty

days of incarceration with the condition that Mr. Hedges reside in an inpatient substance abuse treatment program for three months, thereafter. [R. 385 at 3.] On April 9, 2021, Mr. Hedges was admitted to WestCare, an inpatient treatment facility. [R. 475 at 2.]

Mr. Hedges did not remain at WestCare for long. After 9 days, Mr. Hedges complained of leg soreness and requested transport to Pikeville Medical Center's emergency room. [R. 400 at 2-3.] Mr. Hedges left the hospital after five hours but did not return to Westcare. *Id.* at 3. On April 20, 2021, Mr. Hedges returned to Westcare and was taken into custody. *Id.* This Court again revoked Mr. Hedges's term of supervision and sentenced him to a 24-month term of supervised release including three months of inpatient substance use treatment, followed by three months' residence at a halfway house with outpatient substance use treatment, to be followed by the remainder of his term of supervised release. [R. 411 at 5.]

This time, Mr. Hedges remained in WestCare for ten days before being discharged. [R. 475 at 3.] Mr. Hedges was then charged with two more violations of the terms of his supervised release. First, he was charged with a Grade C violation for absconding from his substance abuse inpatient treatment facility. [R. 426 at 4-6.] Second, he was charged with a Grade C violation for driving without a license. *Id.* at 6. Because Mr. Hedges contested both violations, Judge Stinnett conducted a hearing with multiple witnesses, and this Court adopted his recommendation that Mr. Hedges be found guilty of the violations. [R. 435 at 2, 6-7.]

Mr. Hedges then served an eight-month revocation sentence and was released to complete six months of inpatient substance abuse treatment followed by six months of supervision. [R. 475 at 5.] Mr. Hedges completed 90 days of inpatient treatment without incident, and USPO requested a modification of his conditions to allow Mr. Hedges to complete his initial six-month period on an outpatient basis. [R. 465.]

Now, Mr. Hedges has again violated the conditions of his supervised release after the outpatient treatment facility found 3.5 buprenorphine tablets and a heated bottle of urine attached to his person. [R. 475 at 5.] Mr. Hedges also tested positive for buprenorphine and admitted to using it. *Id.* Because he admitted to using buprenorphine, Mr. Hedges is accused of a Grade C violation. *Id.* at 6.

On August 26, 2022, Mr. Hedges appeared before Judge Stinnett for an initial appearance pursuant to Federal Rule of Criminal Procedure 32.1. [R. 470.] During the hearing, Mr. Hedges made a knowing, voluntary, and intelligent waiver of his right to a preliminary hearing. *Id.* After the hearing, Mr. Hedges remained in the U.S. Marshal Services's custody pending the potential filing of a motion for detention hearing. *Id.*

On September 1, 2022, Mr. Hedges appeared before Judge Stinnett for his final hearing. [R. 472.] There, he "competently, knowingly, voluntarily, and intelligently stipulated" to the violation. *Id.* The parties agreed that the United States Sentencing Guidelines propose a sentence of 5-11 months, with a statutory maximum of 24 months. [R. 475 at 6]; 18 U.S.C. § 3583(e)(3). Thereafter, Judge Stinnett evaluated the entire record and considered all of the Section 3553(a) factors imported into the Section 3583(e) analysis, as well as the Guidelines Range. [R. 475 at 6-9.] Ultimately, Judge Stinnett recommended revocation, a sentence of eight months of incarceration, and no term of supervision to follow. *Id.* at 10.

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service. *Id.* at 11; *see* 28 U.S.C. § 636(b)(1). After a shortened objection period,[1] both parties filed Statements of No Objection to Judge Stinnett's Report and Recommendation. [R. 476; R.

---

[1] The parties agreed to reduce the objection period to 3 days. [R. 475 at 11.]

477.] Mr. Hedges filed a waiver of allocution on September 1, 2022.[2] [R. 474.] Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But, when no objections are made, as in this case, the Court is not required to "review… a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn,* 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing to a district court's order adopting that report and recommendation. *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Stinnett's recommended disposition.

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. The Report and Recommendation [R. 475] is **ADOPTED** as and for the Opinion of the Court;
2. Mr. Hedges is found **GUILTY** of all violations;
3. Mr. Hedges's supervised release is **REVOKED**;
4. Mr. Hedges is **SENTENCED** to a term of eight months of incarceration, to be followed by no term of supervised release;
5. Judgment shall enter promptly.

---

[2] Judge Stinnett's Report and Recommendation states that "Hedges preserved his right of allocution. Absent a waiver of allocution, this matter will be placed on Judge Van Tatenhove's docket for an allocution hearing upon submission." [R. 475 at 10.] But, Mr. Hedges filed a Waiver of Allocution, conditioned on his ability to withdraw the waiver if the United States objected to Judge Stinnett's Report and Recommendation or if this Court failed to adopt Judge Stinnett's Report and Recommendation. [R. 474 at 2.] The United States did not object to Judge Stinnett's Report and Recommendation. [R. 476.] And, this Court now adopts Judge Stinnett's Report and Recommendation.

This the 13th day of October, 2022.

Gregory F. Van Tatenhove
United States District Judge